IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JIMMY SALAS, *et al* | § | CASE NO: 04-20422 |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| CHRISTINE CASSELL SALAS, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 04-2135 |
| | § | |
| TONY REYES | § | |
|     Defendant(s) | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On this day came on for consideration trial of the Complaint and Objection to Claim filed by Jimmy Salas and Christina Cassell-Salas ("Debtor" or "Plaintiffs"). The Court, having heard the evidence and arguments of counsel, and of the Defendant, *pro se*, makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

On February 3, 2003. Plaintiffs entered into a Mechanic's Lien Contract (the "Contract") with the defendant, Tony Reyes ("Defendant"), for remodeling construction on their home located in Corpus Christi, Texas. Prior to commencing construction Defendant filed the Contract on February 4, 2003, in the County records. The Contract provided that Defendant would finance construction repairs for $4,000 cash down and a note in the amount of $24,500, for a total contract price of $28,500.00. The construction was to be completed within sixty days. On February 6, 2003, Plaintiffs paid Defendant $4,000.

Defendant and his employees or subcontractors (collectively "Defendant") began the construction project by removing the rear portion of Plaintiffs' roof. Defendant did not complete the roof repairs in a timely manner and left the structure exposed to the weather. Thereafter, severe rainstorms caused water damage to the Plaintiffs' home. In March, 2003, at Defendant's request, Plaintiffs paid Defendant an additional $2,000 so that Defendant could continue with repairs.

During the construction process, the parties orally agreed to enlarge the room addition. Plaintiffs contend that Defendant agreed to fully complete the addition. Defendant contends that in exchange for building a large addition, Plaintiffs would do the interior finish work themselves. The changes to the Contract were never reduced to writing. The Contract provides that the "[c]ontractor will neither make nor charge for any alterations in the construction described in the plans and specifications unless contractor and owner agree otherwise in writing. Any alterations made without a written agreement will be considered performed under the original contract at no additional charge." (Plaintiff's Ex. 9, at p.3-4).

Defendant failed to complete the project pursuant to the terms of the Contract and did not correct the damage done by the water leak. Plaintiffs terminated the Contract on April 18, 2003, for cause. At Plaintiffs' request, Defendant executed a Mechanics Release of Lien on April 18, 2003. Plaintiffs then hired new contractors to complete the repairs. Plaintiffs incurred expenses in the amount of $34,043.74 to complete the project and repair the damage done by the water leak. No insurance claim was filed by either Plaintiffs or Defendant to recover the cost of repairs. The total cost of construction and repairs was $40,043.74.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. this case is a core matter. 11 U.S.C. 157((b)(2)(B), (C) &(O).

The Court finds that Defendant breached the Contract by failing to complete the work agreed upon and allowing additional damage to occur by failing to protect the exposed structure from the elements. "In construction contract cases, where the contractor breaches because of defective construction, Texas courts allow damages based on cost of repair, if repair is feasible and does not involve unreasonable economic waste." *Jim Walter Homes, Inc. v. Mora*, 622 S.W.2d 878, 883 (Tex.Civ.App.--Corpus Christi 1981, writ---). Here, the total cost of repairs and completing the project plus the amount paid to Defendant is $40,043.74. The Court finds that the original Contract price should be subtracted from that figure to account for the work actually performed by Defendant. The Contract price was $28,500.00, resulting in damages to Plaintiffs in the amount of $11,546.74. The oral amendment to the Contract is not enforceable pursuant to the terms of the Contract itself. Plaintiffs presented no evidence following trial on the issue of attorneys fees and their request for such damages should be denied. The Court further finds that Plaintiffs' objection to Defendant's proof of claim should be granted and Defendant's claim should be disallowed.

SIGNED 01/11/2006.

RICHARD S SCHMIDT
United States Bankruptcy Judge